**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD WAWOCK, an individual,<br><br>   Plaintiff - Appellee,<br><br>   v.<br><br>CSI ELECTRICAL CONTRACTORS,<br>INC. a California Corporation,<br><br>   Defendant - Appellant. | No. 14-56810<br><br>D.C. No. 2:14-cv-06012-SVW-MAN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 6. 2016
Pasadena, California

Before: FARRIS, TYMKOVICH**, and M. SMITH, Circuit Judges.

Richard Wawock attempted to bring a class action suit against his former

employer in California state court alleging violations of California law.  The

dispute resolution committee determined that Wawock's claims must be submitted

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Timothy M. Tymkovich, Chief Judge for the Tenth Circuit Court of Appeals, sitting by designation.

to arbitration. Wawock appealed to the district court, alleging the committee acted in manifest disregard of law. The district court granted summary judgment in favor of Wawock because the collective-bargaining agreement did not clearly and explicitly waive employees' right to a judicial forum. We affirm.

## I. Background

Union member Richard Wawock worked as an electrician for CSI Electrical Contractors. His employment was covered by a collective-bargaining agreement. Under the CBA, the Labor-Management Committee adjusts "all grievances or questions in dispute." The Committee determines "whether any particular dispute is subject to the grievance procedure . . . ."

In February 2013, Wawock filed a class action suit in California Superior Court against CSI for failing to compensate employees for training expenses. Wawock's suit contained seven causes of action—six under California's Labor Code and the seventh pursuant to California's Business and Professions Code.

CSI filed a motion to compel arbitration and the Superior Court stayed Wawock's suit. Wawock wrote to the Committee that the CBA did not encompass his statutory claims because *Wright v. Universal Maritime Service Corporation*, 525 U.S. 70 (1998), required statutory claims be explicitly referenced to be waived.

2

The Committee disagreed without addressing Wawock's reasoning. It determined Wawock's statutory claims "are essentially claims for unpaid hours worked and related expenses" and therefore subject to the grievance-arbitration process under the CBA. The Committee then denied Wawock additional payment.

Wawock challenged the award and the district court vacated the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(4). CSI appeals.

## II. Discussion

We review the district court "accepting findings of fact that are not clearly erroneous but deciding questions of law de novo." *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003).

A district court may vacate an award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Arbitrators exceed their powers where they act in "manifest disregard of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (quoting *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059–60 (9th Cir. 1991)). "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (internal quotation

3

marks and citation omitted).  Additionally, the ignored law must be "well defined, explicit, and clearly applicable."  *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879–80 (9th Cir. 2007) (quoting *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004)).

### A.  The Committee Recognized and Ignored Applicable Law

The applicable law appears in *Wright v. Universal Maritime Service Corporation*, 525 U.S. 70 (1998).  The CBA in *Wright* covered "all matters affecting wages, hours, and other terms and conditions of employment . . . ."  *Id.* at 73.  The arbitration clause required "[m]atters under dispute" be submitted to arbitration.  *Id.* at 72.

The Court held that Wright was entitled to a judicial forum for his ADA claim because disputes concerning the meaning of a federal statute are not entitled to a presumption of arbitrability and "any CBA requirement to arbitrate [them] must be particularly clear."  *Id.* at 78–79.  An employee's right to a federal judicial forum is sufficiently important to require a union-negotiated waiver be "clear and unmistakable."  *Id.* at 80.  The CBA's broad arbitration clause, requiring arbitration for "matters in dispute," was not explicit because it could mean matters in dispute under the contract.  *Id.*

4

CSI contends the Committee interpreted, rather than ignored, *Wright*.  But the Committee was alerted to *Wright* by Wawock and did not mention the case in its decision or mention *Wright's* "clear and unmistakable" standard at all.  So, we agree with the district court's conclusion that the Committee recognized applicable law and then ignored it.

### B.  The Governing Law is Well Defined, Explicit, and Clearly Applicable

CSI next argues *Wright* is not clearly applicable because it might only apply to statutory discrimination claims, not statutory labor claims.  But every court to have discussed the issue has recognized *Wright*'s application to other statutory claims.  *See, e.g.*, *Gilbert v. Donahoe*, 751 F.3d 303, 307–10 (5th Cir. 2014) (FMLA); *Jonites v. Exelon Corp.*, 522 F.3d 721, 725 (7th Cir. 2008) (FLSA); *O'Brien v. Town of Agawam*, 350 F.3d 279, 284–86 (1st Cir. 2003) (FLSA)*; Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 964–65 (C.D. Cal. 2014) (California wage and hour law claims); *Martinez v. J. Fletcher Creamer & Son, Inc.*, No. CV 10-0968 PSG (FMOx), 2010 WL 3359372, *3 (C.D. Cal. Aug. 13, 2010) (FLSA and California statutory claims).

By emphasizing the nature of the statute, CSI mistakes the right at issue.  An agreement to arbitrate statutory claims is not a waiver of the statute's substantive

rights, but rather a waiver of the right "to seek relief from a court in the first instance." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 265–66 (2009).

### C. The CBA Does Not Provide a Clear Waiver

The CBA does not provide that any statutory claim is arbitrable, nor later incorporate any of the statutes at issue. Making no reference to such claims necessarily falls short of an explicit statement concerning them. *See, e.g.*, *Ibarra v. UPS*, 695 F.3d 354, 356–60 (5th Cir. 2012) (noting circuit agreement that a CBA must at least "identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims" to provide a clear and unmistakable waiver).

In light of the lack of reference, CSI argues that the parties' historical practice can provide a "clear and unmistakable" waiver. Neither historical practice nor the parties' unexpressed intent can fulfill this standard. CBA waivers of the right to a judicial forum must be "explicitly stated." *Wright*, 525 U.S. at 80.

CSI finally argues that because the CBA specifies arbitration for "*all* grievances or questions" in dispute, that "all" provides a clear and unmistakable waiver. Just as in *Wright*, "grievances or questions" could mean those grievances or questions under the contract. *See Wright*, 525 U.S. at 80. "All" does not expand the meaning of grievances or questions.

## III. Conclusion

A CBA requirement to arbitrate a statutory claim must be explicitly stated. The Labor-Management Committee manifestly disregarded law when it ignored this mandate and subjected Wawock's statutory claims to arbitration. Affirmed.